**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GARY JAMELE SHUCKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1202-AGF |
| | ) | |
| CO UNKNOWN RITTER, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on the motion of plaintiff Gary Jamele Shucks, a prisoner, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $23.98. Additionally, for the reasons explained below, the Court will dismiss plaintiff's official capacity claims against Ritter and direct the Clerk to issue process as to Ritter in his individual capacity.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid.  *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $119.91. The Court will therefore assess an initial partial filing fee of $23.98, twenty percent of that amount.

**Legal Standard on Initial Review**

This Court is required to review complaint filed *in forma pauperis* and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

2

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that, "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

At all times relevant to this case, plaintiff was a pretrial detainee at the Phelps County Jail.[1] He filed the complaint pursuant to 42 U.S.C. § 1983 against Unknown Ritter, a corrections officer at the jail. He sues Ritter in an official and individual capacity and claims that Ritter used excessive force against him on or about July 4, 2021. He alleges as follows.

On or about July 4, 2021, plaintiff was in the day room of his housing area when another inmate ran in and began attacking him. Plaintiff writes: "I was scared. The Pod door opened: I ran for help. Officer Ritter deployed his tazer. My hands were up in the air when I was struck by the tazer. I slammed face first into the concrete." (ECF No. 1 at 4). Plaintiff lost a tooth when he fell. The supervisor on duty apologized to him, and plaintiff was given Tylenol and ice packs. Plaintiff filed grievances the next day. *Id.* at 5. He seeks monetary relief.

---

[1] Review of this Court's files shows that on November 22, 2021, plaintiff pleaded guilty to federal drug and firearms offenses. As of the date of this order, sentence has not been imposed. *See U.S. v. Shucks,* No. 4:20-cv-245-SEP (E.D. Mo. 2020).

**Discussion**

The Court first addresses plaintiff's official-capacity claims. Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, plaintiff's allegations establish that Ritter is a corrections officer employed by the Phelps County Jail. However, the Phelps County Jail is not an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Additionally, the complaint contains no non-conclusory allegations of a policy or custom of unconstitutional action, as would be required to state a claim against the municipality of Phelps County. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Plaintiff's official-capacity claims against Ritter will therefore be dismissed without prejudice.

The Court now turns to plaintiff's individual capacity claims. Plaintiff seeks damages against Ritter for the use of excessive force. The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015). Pretrial detainees are entitled to greater protection than convicts because they cannot be punished prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). To bring a claim for excessive force under § 1983, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. *See Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017).

Whether the force used was objectively unreasonable "turns on the facts and circumstances of each particular case." *Kingsley*, 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Relevant factors include the relationship between the need for force

and the amount of force used, the extent of the plaintiff's injury, efforts by the officer to limit the amount of force, the severity of the security problem, the threat reasonably perceived by the officer, and whether the plaintiff was resisting. *Id.* "A court must also account for the legitimate interests that stem from the government's need to manage the facility in which the individual is detained, appropriately deferring to policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security." *Id.* (internal quotations and alterations omitted).

In the case at bar, plaintiff alleges that he was running to seek help after another inmate attacked him, and, as he ran with his hands in the air, Ritter shot him with a taser. Plaintiff further alleges that Ritter's actions caused him to fall and lose a tooth. Having liberally construed the complaint and accepted plaintiff's factual allegations as true, the Court concludes that plaintiff has stated a plausible excessive force claim against Ritter. The Court will therefore require Ritter to respond to the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $23.98.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's official capacity claims against Ritter are **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Unknown Ritter in his individual capacity. Defendant Unknown Ritter shall be served by issuance of summons and service by the U.S. Marshal's Service at the Phelps County Jail, 500 W. 2nd Street, Rolla, Missouri 65401.

Dated this 20th day of December 2021.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE